IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| RICKY GIDDENS, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:19-CV-140 (LAG) |
| OFFICER FRYE, | : |
| Defendant. | : |

### **ORDER**

This matter is before the Court on remand from the Eleventh Circuit to consider whether a permissive extension of Plaintiff Ricky Giddens' time to serve Defendant Officer Frye is warranted. (Doc. 20 at 17).

### **BACKGROUND**

Plaintiff initiated this *pro se* action on August 29, 2019, and filed an Amended Complaint on October 23, 2019. (Docs. 1, 7). On May 19, 2020, the Court allowed Plaintiff to proceed with three 42 U.S.C. § 1983 claims for violations of his Fourth Amendment rights and one claim under Georgia law for false imprisonment against Defendant Frye, a deputy with the Brooks County Sheriff's Office. (Doc. 8 at 3–7). The Court ordered service on Defendant at his workplace. (*Id.* at 7; *see* Doc. 10). On June 8, 2020, the process receipt and return were docketed unexecuted with a note that Defendant "no longer work[ed] with the [Brooks County] Sheriff['s] Office. (Doc. 11 at 1–2).

On September 28, 2020, Plaintiff filed a document acknowledging that Defendant was no longer employed with the Brooks County Sheriff's Office, requesting additional time to serve Defendant, and requesting that the U.S. Marshals Service (USMS) reattempt service on Defendant. (Doc. 12 ¶¶ 11, 14–15). The Court granted Plaintiff's request in part on October 29, 2020. (Doc. 13 at 3). In the Order, the Court explained that Plaintiff had not provided an address for Defendant and that the USMS could not serve Defendant

without an accurate address. (*Id.*). The Court thus sent Plaintiff a new USMS form and ordered Plaintiff to complete and return it with a "reachable address" for Defendant within forty-five days. (*Id.*). The Court instructed Plaintiff that the "[f]ailure to timely return" the service form with an accurate address "may result in dismissal of this case." (*Id.*). Plaintiff timely returned the USMS service form on November 17, 2020. (Doc. 14). The form, however, listed Defendant's address as the Brooks County Sheriff's Office. (*Id.*). That same day, the USMS notified the Court that the address Plaintiff provided for Defendant was not a reachable address because Defendant was no longer employed there. (*See* Docket).

On April 20, 2021, the Court held that Plaintiff had not shown good cause under Federal Rule of Civil Procedure 4(m) for the failure to serve Defendant and dismissed the action without prejudice. (Doc. 15 at 3–4). Plaintiff filed a Notice of Appeal on May 19, 2021. (Doc. 17). On March 21, 2022, the Eleventh Circuit vacated the Court's April 20, 2021 Order and remanded the action for the Court "to consider explicitly whether other circumstances (including the running of the applicable statutes of limitation) would warrant a permissive extension of time to serve Officer Frye." (Doc. 20 at 17; Doc. 21 at 2).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant within ninety days of filing the complaint. *In re Cutuli*, 13 F.4th 1342, 1344 (11th Cir. 2021). If a plaintiff fails to serve a defendant within ninety days, the district court—*sua sponte* or on a motion by the defendant—"must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a Plaintiff fails to serve a defendant but "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*; *In re Cutuli*, 13 F.4th at 1345. A finding of "'[g]ood cause' requires the existence of 'some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence.'" *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020) (quoting *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

Absent good cause, district courts have discretion "to extend the time for service of process." *In re Cutuli*, 13 F.4th at 1346 (quoting *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1131 (11th Cir. 2005)). Before dismissing a case for failure to serve, district courts must consider "whether the facts of the case justify a permissive extension of the service period." *Bilal*, 981 F.3d at 919 (citing *Lepone-Dempsey*, 476 F.3d at 1282). It is "premature" for a district court to dismiss a case under Rule 4(m) before considering whether a permissive extension is justified. *Id.* (quoting *Lepone-Dempsey*, 476 F.3d at 1282). Circumstances that may support the exercise of such discretion include "where the statute of limitations would preclude refiling, or where the defendant evades service or hides a problem with attempted service." *Id.* (citing *Lepone-Dempsey*, 476 F.3d at 1282); Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.

## DISCUSSION

According to the Amended Complaint, the circumstances underlying Plaintiff's claims against Defendant occurred in March 2019. (*See* Doc. 7 ¶ 1). The statute of limitations for Plaintiff's state law and 42 U.S.C. § 1983 claims is two years. *See* O.C.G.A § 9-3-33; *Hancock v. Cape*, 875 F.3d 1079, 1082 n.1 (11th Cir. 2017) (explaining that 42 U.S.C. § 1983 claims are "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought" (citation omitted)). The statute of limitations therefore expired in March 2021. Thus, unless the Court grants a permissive extension of the time to serve, Plaintiff will be barred from refiling his claims. The expiration of the statute of limitations, however, "does not require that the district court extend time for service of process under Rule 4(m)." *Lepone-Dempsey*, 476 F.3d at 1282.

The Court's October 29, 2020 Order, which was issued five months prior to the expiration of the statute of limitations in March 2021, expressly advised Plaintiff that Defendant could not be served at the Brooks County Sheriff's Office and instructed Plaintiff that, to proceed with his claims against Defendant, he needed to "provide the Court with an address" where Defendant could "be served." (Doc. 13 at 3). The Court notified Plaintiff that the failure to "provide a reachable address for Defendant" could "result in dismissal of this case." (*Id.*). Further, the Court gave Plaintiff forty-five days to locate a

new address for Defendant. (*Id.*). Taking no heed to the Court's advisement and instruction, Plaintiff failed to update the service address or, given that he returned the form in just nineteen days, make any discernable effort to discover a proper address. (*See id.*; Doc. 14). At no time did Plaintiff advise the Court that he was unable to find a proper address, nor did he seek additional time to do so. (*See* Docket).

Given that the Court provided clear instructions and an extension of time, and Plaintiff still failed to provide an accurate address for Defendant and did not seek an extension of time so that he could find a proper address, a permissive extension is not warranted. *See Dash v. Chasen*, 503 F. App'x 791, 796 (11th Cir. 2013) (per curiam) (affirming the denial of a second extension of the plaintiff's time to serve when the district court "gave [the plaintiff] clear directions on how to properly serve" the defendant as well as one prior extension (first citing *Horenkamp*, 402 F.3d at 1133; and then citing *Rasbury v. IRS*, 24 F.3d 159, 168 (11th Cir. 1994))); *see also Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008) (per curiam) (affirming the denial of a permissive extension of time to serve where the statute of limitations had expired and the plaintiff "fail[ed] to take action" even "when notified of" the deficiencies in his service).

Further, Plaintiff's "*pro se* status alone" does "not warrant an extension of time to serve process." *Dash*, 503 F. App'x at 795 n.1 (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam)). Although the Court construes *pro se* pleadings liberally, *pro se* litigants are "still require[d] to conform to procedural rules." *Id.* (citing *Albra*, 490 F.3d at 829). Moreover, it does not appear that Defendant evaded service, hid a problem with Plaintiff's attempted service, or otherwise contributed to the lack of service. The lack of service was caused by Plaintiff's failure to provide a proper service address for Defendant even after Plaintiff was made aware the address provided was not acceptable. Further, Plaintiff was aware that his failure to provide a reachable address for Defendant could result in the dismissal of his case prior to the lapse of the limitations period. Accordingly, the facts of this case do not warrant a permissive extension of Plaintiff's time to serve Defendant. *See Melton*, 262 F. App'x at 924 (affirming the denial of a permissive extension where there was no evidence that the defendant "evaded service or attempted to

4

conceal a defect in service" and "the district court concluded that [the] [p]laintiff's predicament was of his own making"). Plaintiff's Amended Complaint (Doc. 7) is thus **DISMISSED without prejudice**.

       **SO ORDERED**, this 4th day of August, 2022.

                                    /s/ Leslie A. Gardner
                                    **LESLIE A. GARDNER, JUDGE**
                                    **UNITED STATES DISTRICT COURT**